# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **BRIAN L. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CAUSE NO. 1:12-CV-320** |
| ) | |
| **CAROLYN COLVIN, Acting** ) | |
| **Commissioner of Social Security,**[1] ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Plaintiff Brian Smith brought this suit to contest a denial of disability benefits by

Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner").  On

August 6, 2013, pursuant to a stipulation to remand by the parties after Smith had filed his

opening brief (Docket # 25), this Court entered an Order that reversed the Commissioner's

denial of benefits and remanded the case to the Commissioner for further proceedings (Docket #

26).    Now before the Court is Smith's motion to recover attorney fees in the amount of

$8,707.67 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for the 46.6 hours

his attorneys spent prosecuting this case in federal court. (Docket # 28, 35.)  The Commissioner

does not dispute that Smith is entitled to an EAJA fee award;[2] she objects, however, to the hourly

rate that Smith uses to calculate the award. (Docket # 34.)  For the following reasons, Smith's

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013.  As such, under Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue. Fed. R. Civ. P. 25(d).

[2] Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

motion will be GRANTED.

### *Discussion*

The Commissioner argues that the enhanced hourly rate Smith seeks, $186.86, is not warranted, contending that any fee award should instead be calculated at the statutory rate of $125 per hour.  Smith asserts, however, that he has made the necessary showing to justify the enhanced rate that he requests.

As background, the EAJA "does not authorize an award of the prevailing hourly rate, as such, unless it is less than $125 an hour.  For that matter it doesn't authorize an award of $125 per hour, or even $125 plus inflation." *Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (citations omitted).  "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Id.* (citations omitted); *see* 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *5 (N.D. Ill. Feb. 16, 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"If [the party] points to inflation he must still show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases." *Matthews-Sheets*, 653 F.3d at 563; *accord Heichelbech v. Astrue*, No. 3:10-cv-65, 2011 WL 4452860, at *2 (S.D. Ind. Sept. 26, 2011).  Therefore, "the lawyer seeking an adjustment must show that inflation has

2

increased the cost of providing adequate legal service to a person seeking relief against the government." *Matthews-Sheets*, 653 F.3d at 563 (citations omitted).  That is, "[a]n inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id*. at 563-64 ("Suppose inflation had not affected the wages he pays his clerical employees, or had been offset by advances in law-office technology or changes in the standards and procedures of the Social Security Administration that made it cheaper to litigate claims for disability benefits.") *Id*. at 564.

Here, in support of his request for the enhanced hourly rate, Smith asserts that "his lawyers' market rates are in excess of $186.86," and that "there has been a material increase in 'the cost of living' since the EAJA's $125 rate ceiling was last raised in 1996." (Pl.'s Reply 3.) Smith then uses the "All Urban" average of the Consumer Price Index to compute the cost of living increase for the fee request, stating that it has increased "approximately 49.9%" since March 1996. (Pl.'s Appl. for Att'ys Fees 3); *see, e.g.*, *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 953 (E.D. Wis. 2003) (remarking that the Consumer Price Index is an acceptable source for calculating an increase in the cost of living, which should be calculated from 1996, when the maximum rate of $125 was set, to the date the work was performed).

While this is a rather muted showing on Smith's part about his "particular circumstances," *Matthews-Sheets*, 653 F.3d at 563-64, the Court nonetheless finds it sufficient to justify a cost of living enhancement, considering that Smith's requested hourly rate is consistent with the enhanced hourly rate the undersigned Magistrate Judge has often awarded to one local, experienced social security litigator. *See, e.g.*, *Kern v. Comm'r of Soc. Sec.*, No. 1:13-cv-87 (N.D. Ind. Oct. 25, 2013), ECF No. 24 (awarding EAJA fees calculated at $183 per hour); *Mace*

*v. Comm'r of Soc. Sec.*, No. 1:12-cv-203 (N.D. Ind. May 8, 2013), ECF. No. 26 (awarding EAJA fees calculated at $184 per hour); *Clark v. Comm'r of Soc. Sec.*, No. 12-cv-225 (N.D. Ind. Feb. 10, 2013), ECF. No. 23 (awarding EAJA fees calculated at $185.75 per hour).

The Commissioner further argues that even if an enhanced hourly rate is justified in this instance, it should be calculated with the cost of living increase for the "Midwest Urban" average of the Consumer Price Index, rather than the "All Urban" index, thereby measuring the increase in cost of living on a regional basis rather than a national basis. The Commissioner explains that this would reduce Smith's requested hourly rate by $3.83, that is, from $186.86 to $183.03.

But the Commissioner has not provided the Court with any authority on why the "Midwest Urban" average, rather than the "All Urban" index, is the appropriate tool on which to rely. And it appears that district courts within the Seventh Circuit "have used both regional and [the All Urban index], without a clear preference for either." *Rodriguez v. Colvin*, No. 11 C 5637, 2013 WL 5221335, at *3 (N.D. Ill. Sept. 16, 2013) (collecting cases). Furthermore, at least one experienced, local attorney representing claimants in social security appeals has consistently been using the "All Urban" index to compute the cost of living increase for EAJA fees before this Court for at least five years.[3] Moreover, in this instance the difference in the hourly rates amounts to only $3.83, a relatively nominal amount.

Therefore, considering that Smith has adequately justified his request for an increased hourly rate and the lack of clarity in the case law concerning the appropriate cost of living index,

---

[3] *See, e.g.*, Mem. in Supp. of Mot. for Award of Att'y Fees, *Mace v. Comm'r of Soc. Sec.*, No. 1:12-cv-203 (N.D. Ind. Apr. 18, 2013), ECF. No. 24; Mem. in Supp. of Mot. for Award of Att'y Fees, *Landez v. Comm'r of Soc. Sec.*, No. 1:11-cv-246 (N.D. Ind. Aug. 2, 2012), ECF. No. 33; Mem. in Supp. of Mot. for Award of Att'y Fees, *Gaskill v. Comm'r of Soc. Sec.*, No. 1:08-cv-308 (N.D. Ind. Mar. 1, 2010), ECF. No. 29; Mem. in Supp. of Mot. for Award of Att'y Fees, *Gray v. Comm'r of Soc. Sec.*, No. 1:08-cv-167 (N.D. Ind. July 9, 2009), ECF. No. 27.

Smith's fee award will be calculated at $186.86 per hour.[4]

### *Conclusion*

For the foregoing reasons, Smith's request for EAJA fees in the amount of $8,707.67 is

GRANTED.

SO ORDERED.

Enter for November 22, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[4] Accordingly, the Court need not reach Smith's argument that the Commissioner's objections are precluded by the doctrine of collateral estoppel. (*See* Pl.'s Reply 1-2.)